IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BERNADETTE DICKERSON,        )
                             )
        Plaintiff,           )
                             )        CASE NO. 2:23-cv-64-RAH-JTA
v.                           )
                             )
CONDUENT COMMERCIAL          )
SOLUTIONS, LLC,              )
                             )
        Defendant.           )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This action was filed by Plaintiff Bernadette Dickerson, proceeding *pro se*, on January 30, 2023. (Doc. No. 1.) Pursuant to 28 U.S.C. § 636, the Court referred this case to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 6.)

Before the Court is Defendant Conduent Commercial Solutions, LLC's Motion to Dismiss. (Doc. No. 8.) Also pending are two separate Motions for Default Judgment (Docs. No. 11 & 12) and a Motion for Status Conference (Doc. No. 14) filed by Plaintiff. For the reasons stated below, it is the recommendation of the undersigned that the Motion to Dismiss be granted, the Motions for Default Judgment be denied, and the Motion for a Status Conference be denied.

### I.    STANDARD OF REVIEW

Service of process must comply with Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4. When it does not, a defendant may move to dismiss the action based on

insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) or lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citations omitted).

> Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There must also be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 748–49 (11th Cir. 2016) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987) (quotation, citation, and alteration omitted), *superseded on other grounds by* Fed. R. Civ. P. 4(k)(2) (1993)). "As such, [Defendant] is not obliged to engage in litigation unless officially notified of the action ... under a court's authority, by formal process." *Id.* (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries,* 353 F.3d 916, 925 (11th Cir. 2003)).

Further, "when the defendant contests the sufficiency of service, the plaintiff bears the burden of proving proper service." *Coleman v. Hwashin America Corp.*, No. 2:17-cv-234-WKW-WC, 2017 WL 4682053, at *2 (M.D. Ala. 2017). Where a court finds

insufficient service, the case should be dismissed without prejudice. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007) (finding it was "improper for the district court to have reached the merits in this case and to have issued a dismissal with prejudice"). *See also Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013).

"While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules ...." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted). A plaintiff's *pro se* status in civil litigation generally will not excuse mistakes she makes regarding procedural rules. *See Nelson v. Barden*, 145 F. App'x 303, 311 n. 10 (11th Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the Court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law")).

"Under Fed. R. Civ. P. 55(a), when a [defendant] has failed to plead or otherwise defend an action, the clerk shall enter a default judgment against the defendant." *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 843 (11th Cir. 2013). "Generally, '[a] defendant must serve an answer ... within 21 days after being served with the summons and complaint.'" *Id.* (quoting Fed. R. Civ. P. 12(a)(1)(A)(i)). "A motion to dismiss [under Rule 12(b)] generally must be made with or before an answer." *Id. See also* Fed. R. Civ. P. 12(b). However, a defendant's service of a motion under Rule 12(b) stays service of a responsive

pleading until within 14 days of the court's action on the motion. *See* Fed. R. Civ. P. 12(a)(4)(A). Therefore, after a Rule 12(b) motion is filed, there is no reason for a defendant to file any other pleadings until the motion is acted upon. *See Dyer*, 535 F. App'x at 843 (citing *Lawhorn v. Atl. Ref. Co.*, 299 F.2d 353, 357 (5th Cir. 1962)[1]).

## II.    JURISDICTION

This Court appears to have subject matter jurisdiction over Plaintiff's claims based on diversity of citizenship under 28 U.S.C. § 1332.[2]

## III.    PROCEDURAL HISTORY

On January 30, 2023, Plaintiff filed a Complaint against Defendant alleging claims of harassment, retaliation, and wrongful termination.[3] (Doc. No. 1.) Plaintiff addressed a Summons for Defendant and submitted it to the Clerk of Court.   The Summons was addressed as follows:

> Conduent Commercial Solutions, LLC[4]
> 1702 N. Collins Boulevard
> Suite 280

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were issued before October 1, 1981.

[2] Plaintiff is a resident of Montgomery, Alabama and the amount in controversy exceeds $75,000.00. (Doc. No. 1.)  The undersigned takes judicial notice of Defendant's principal address in New Jersey and its place of formation in Nevada, which is publicly available on the Alabama Secretary of State's website. Federal Rule of Evidence 201 permits the courts to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[3] To the extent Plaintiff attempts to allege claims invoking federal question jurisdiction, she neither cites a federal statute nor alleges facts upon which federal question jurisdiction may be established.

[4] Although the suite number is incorrect it appears from the record that Plaintiff attempted to serve Defendant via its Legal Department. (Doc. No. 10-1 at 12.)

Richardson, TX 75080

(Doc. No. 5.)  On January 31, 2023, the Clerk of Court issued the Summons to Defendant
and mailed it along with a copy of the Complaint Certified Mail Return Receipt Requested
("CMRRR"). (Doc. No. 5.)

On February 27, 2023, Defendant filed a motion to dismiss for insufficient service
of process and lack of personal jurisdiction pursuant to Rules 12(b)(5) and 12(b)(2). (Doc.
No. 8.) Plaintiff filed a response to the motion to dismiss (Doc. No. 10), and Defendant
filed a reply thereto (Doc. No. 15).

In addition, Plaintiff filed two motions for default judgment (Docs. No. 11 & 12) to
which Defendant filed a response (Doc. No. 13). Plaintiff then filed a Motion for Status
Conference. (Doc. No. 14.)

## IV.   DISCUSSION

As explained below, Plaintiff's Complaint is due to be dismissed for insufficient
service of process and lack of personal jurisdiction because Plaintiff failed to effectuate
service on Defendant and subsequently failed to cure the service deficiencies. Moreover,
Plaintiff is not entitled to a default judgment against Defendant because Defendant timely
filed its Rule 12(b) motion[5] and thus had no obligation to file an answer. Finally, as the

---

[5] The Court may consider matters outside of the pleadings and make findings of fact based on
sworn statements when deciding Rule 12(b) motions. *See Bryant v. Rich*, 530 F.3d 1368, 1376
(11th Cir. 2008) ("a judge may make factual findings necessary to resolve motions to dismiss for
lack of personal jurisdiction, improper venue, and ineffective service of process"). Juanita Garcia-
Gonzalez's Declaration indicates the Complaint was received by Defendant on February 8, 2023.
(Doc. No. 8 at 5.) Defendant timely filed its Rule 12(b) motion on February 27, 2023.  (Doc. No.
8.)

undersigned recommends dismissal of this action without prejudice, the Motion for Status Conference will be denied as moot.

      A.     Motion to Dismiss

This Court lacks personal jurisdiction over Defendant because Plaintiff failed to perfect service of process on Defendant as required under Federal Rule of Civil Procedure 4. Rule 4 provides two ways that a plaintiff may serve a "domestic or foreign corporation, or a partnership or other unincorporated …." Fed. R. Civ. P. 4(h). "First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made." *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (citing Fed. R. Civ. P. 4(h)(1), 4(e)). "Second, a plaintiff may effect service 'by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized … to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.'" *Id.* (citing Fed. R. Civ. P. 4(h)(1) (emphasis in original)). The term "delivers" means personal service.[6] *Id.*

Here, Plaintiff has not perfected service under Rule 4. Rule 4(c)(1) of the Alabama Rules of Civil Procedure provides that service of process shall be made "by delivering a copy of the summons and the complaint to an agent *authorized* by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(1) (emphasis added). Similarly, Texas

---

[6] If a defendant agrees to waive service, then the plaintiff must only mail a copy of the complaint to the defendant.  *Id.* (citing Fed. R. Civ. P. 4(d)).  There is no evidence before the Court which establishes that Defendant agreed to waive service.

Rule of Civil Procedure 106(a)(2), provides for service by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a)(2). Further, "[u]nder the Texas Business Organizations Code, a domestic or foreign corporation authorized to transact business in Texas may be served with process through its president, any vice president, or its registered agent." *Master Cap. Sols. Corp. v. Araujo*, 456 S.W.3d 636, 639 (Tex. App. 2015) (citing Tex. Bus. Orgs. Code Ann. §§ 5.201(b), 5.255(1) (West 2012)).

Here, Plaintiff attempted service of Defendant via its Legal Department. (Doc. No. 10-1 at 12.) Juanita Garcia-Gonzalez, an Administrative Support Specialist, received the Complaint. (Doc. No. 8 at 5.) Garcia-Gonzalez is *not* an agent authorized to accept service on behalf of Defendant. (*Id*.) Plaintiff's method of service was ineffective because the summons was not addressed to or served on Defendant's president, any vice president, or its registered agent; nor was it addressed to or served on any other agent authorized to receive service of process for Defendant; nor was it personally served on an officer of Defendant, a managing or general agent of Defendant or any other agent authorized to receive service of process for Defendant. Because Plaintiff's Complaint was not addressed to or served on Defendant through an agent authorized to receive service of process on its behalf, Plaintiff's service of process was ineffective under Rule 4(c)(1) of the Alabama Rules of Civil Procedure, under the Texas rules governing service of process, and under Federal Rule of Civil Procedure 4(h)(1). *See* Ala. R. Civ. P. 4(c)(1); *see also Master Cap. Sols. Corp.*, 456 S.W.3d at 639; Fed. R. Civ. P. 4(h)(1). Since the service of process on Defendant was defective, this Court lacks personal jurisdiction over Defendant.

7

Notably, Plaintiff's unfamiliarity of the procedural rules is not an excuse for insufficiency of service. *See Nelson*, 145 F. App'x at 311 n. 10. Defendant raised this issue in its motion to dismiss on February 27, 2023, and to date – five months *after* filing her Complaint – Plaintiff has not presented any evidence to show that she corrected – or made any attempts to correct  – the defective service.

Accordingly, Plaintiff's claims against Defendant are due to be dismissed without prejudice for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

B.     Motions for Default Judgment

Plaintiff's motions for default judgment miss the mark. Usually, "[a] defendant must serve an answer … within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). *Dyer*, 535 F. App'x at 843. However, the service of a defendant's Rule 12(b) motion tolls the period for filing a responsive pleading until the court acts on the motion. *See* Fed. R. Civ. P. 12(a)(4)(A). Hence, Defendant was not required to file an answer, or any other pleadings, until its motion to dismiss was acted upon by the court. *See id.* Thus, Plaintiff's Motions for Default Judgment are due to be denied.

## V.     CONCLUSION

For the above-stated reasons, it is the RECOMMENDATION of the Magistrate Judge that

1.  Defendant's Motion to Dismiss (Doc. No. 8) be GRANTED.

2.  Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice.

3.  Plaintiff's Motions for Default Judgment (Docs. No. 11 & 12) be DENIED.

Further, it is ORDERED that Plaintiff's Motion for Status Conference (Doc. No. 14) is DENIED as moot.

It is further ORDERED that on or before **July 17, 2023**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary, in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

9

DONE this 30th day of June, 2023.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE